UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. ROSS, | ) | 1:07CV0243 |
| | ) | |
| Petitioner | ) | JUDGE SARA LIOI |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| MICHELE EBERLIN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Anthony L. Ross ("Ross") has filed an amended petition pro se for a writ of habeas corpus arising out of his 2002 convictions for drug trafficking and possession in the Crawford County, Ohio, Court of Common Pleas. (Doc. 29.) Ross raised four grounds for relief in his original petition:

    1. Conviction obtained by a violation of the privilege against self-incrimination.

    2. Conviction obtained by use of coerced confession. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    3. Conviction obtained by a violation of the protection against Double Jeopardy.

    4. Denial of effective assistance of counsel. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(Doc. 1, at §§ 12A.-12.D.) Ross amended his petition on June 27, 2007, to reflect the proper respondent, and at that time added two additional grounds:

    5. Misconduct and fraud of statement and evidence of Defendant Anthony L. Ross statement by Officers Detectives John B. Butterworth and Det. Chris Heydinger.

    6. Misleading evidence by Detectives John B. Butterworth and Chris Heydinger.

(Doc. 29.)

Shortly thereafter, Ross filed motions which added the following claims to his amended petition:

    7. Constitutional violation of Miranda rights. [Doc. 32, at 2.]

    8. Violation of due process. <u>Id.</u>

    9. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest. [Doc. 33, at 2.]

The respondent argues that the petition should be barred because it was untimely filed. (Doc. 41, at 11-14.)

## I. PROCEDURAL BACKGROUND

On Dec. 20, 2002, Ross entered guilty pleas to two counts of possession of drugs, in violation of Ohio Rev. Code § 2925.11(C)(4)(b), and one count of trafficking in cocaine, in violation of Ohio Rev. Code § 2925.03(C)(4)(e). (Doc. 42, RX 4, 87.) Ross was sentenced on Dec. 27, 2002, to a prison term of five years on the trafficking count, and eighteen months on each of the possession counts, all to run concurrently. (Doc. 42, RX 5-6.)

Ross was released on probation on May 30, 2003, but his probation was revoked after he was convicted on three counts of trafficking in drugs on Nov. 8,

2005. (Doc. 42, RX 14, 16.) (The 2005 convictions are not the subject of this habeas petition. See doc. 1, at § 2.)

Ross did not file a timely appeal of his December 2002 convictions. However, on March 24, 2006, Ross filed a motion to vacate or set aside his 2002 sentences, on the basis that:

> 1. My lawyer pressured me into taking the [plea] agreement and I was convicted of a crime I didn't do.
>
> 2. The judge on my cases was my prosecutor on one of my cases and know evidence [sic] that may have caused conflict of interest on him taking my plea.

(Doc. 42, RX 21.) The motion was denied on Oct. 10, 2006. (Doc. 42, RX 24b.)

That same March 24, Ross filed a motion to withdraw his guilty pleas, which was denied on Apr. 6, 2006. (Doc. 42, RX 29, 32.)

Over the next several months, Ross filed several motions, seeking to withdraw his plea (RX 45), for a new trial (RX 48), alleging a double jeopardy violation (RX 49), to vacate or set aside sentence (RX 51), and so forth. The state court dismissed his various post-conviction motions on Oct. 10, 2006. (Doc. 42, RX 53.) On Oct. 26, 2006, Ross appealed that judgment. (Doc. 42, RX 54-55.) That appeal was dismissed on Feb. 20, 2007. (Doc. 42, RX 58.)

Ross continued to file overlapping motions, to dismiss or reduce his sentence (RX 59, 61, 62), to suppress evidence (RX 60, 65), for a new trial (RX 63), and so on. The court found that the issues had been previously raised and addressed, and

overruled his motions. (Doc. 42, RX 64, 67, 71.) Ross again appealed (RX 72-73), being denied on July 6, 2006, and July 31, 2006. (RX 74-75, 77-78).

On June 12, 2006, meanwhile, Ross attempted to file a delayed appeal of his 2002 convictions. (Doc. 42, RX 79-80.) The next month, on July 18, Ross filed a motion to have the court of appeals drop all charges against him for lack of evidence. (Doc. 42, RX 83.) The court of appeals denied these motions on July 27, 2006. (Doc. 42, RX 84.)

On Oct. 26, 2006, Ross filed a state petition for a writ of habeas corpus. (Doc. 42, RX 85.) The petition was denied on Oct. 27, 2006. (Doc. 42, RX 86.)

Ross originally filed this federal petition for a writ of habeas corpus on Jan. 29, 2007. (Doc. 1.) The amended petition was filed on June 27, 2007. (Doc. 29.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal

> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts. Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Ross has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993)

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition is barred because it was filed after the statute of limitations had expired. (Doc. 41, at 11-14.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

On Dec. 27, 2002, Ross was sentenced to five years imprisonment. (Doc. 42, RX 5-6.) Under Ohio law, Ross had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of

6

sentencing on Dec. 27, 2002. Thus, the habeas statute began to run on Jan. 26, 2003. See, e.g., Goodballet v. Mack, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003).

Ross did not file the motion for leave to file a delayed appeal until June 12, 2006, long after the one-year habeas statute of limitations had already run. (Doc. 42, RX 80.) Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006).

Ross did not file his habeas petition until Jan. 29, 2007. Thus, because the statute of limitations expired in January 2004, Ross failed to file his habeas petition within the one year limitation period.

Ross argues that the circumstances of his case should excuse application of the habeas statute of limitations. (Doc. 46.) He claims that the judge and his counsel led him to believe that he had no recourse to an appeal of his conviction. Id. at 1-3. He also argues that there was an impediment created by the state which prevented him from filing an appeal. Id. at 5. He contends that he received ineffective assistance of counsel because his attorney coerced him into pleading guilty on the trafficking charges. Id. at 13.

Several of these arguments raise the question of whether Ross would be eligible to benefit from equitable tolling.

IV.  EQUITABLE TOLLING

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way.  Lawrence v. Florida, 127 S.Ct. 1079, 1085 (Feb. 20, 2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fleming v. Lazaroff, No. C-1-05-513, 2006 WL 1804546, at *4 (S.D. Ohio June 28, 2006).  The circumstances which will lead to equitable tolling are rare.  King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Graham-Humphreys v. Memphis Brooks Museum of Art, Inc. 209 F.3d 552, 560-561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).  These factors "are not comprehensive, nor is each of the five factors relevant in all

cases." Huey v. Smith, No. 04-2179, 2006 WL 2860605, at *2 (6th Cir. Oct. 5, 2006) (quoting Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002)). Instead, courts consider equitable tolling on a "case-by-case basis." Id.

When the petitioner does not claim ignorance of the filing requirement, the court examines his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay. King, 378 F.3d at 553. See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll). Ross does not state that he was ignorant of the filing requirements for a habeas petition (rather than a state appeal). See generally doc. 46, at 5.

Ross states that "he was told that he couldn't file an appeal" and that he was ignorant of his appellate rights. (Doc. 46, at 2.) He claims that the state trial court judge stated that he had no right to appeal. Id. at 3. Further, he contends that his attorney "never told [him] he still had rights and could appeal his conviction." Id. These contentions are contradicted by the record. Although the trial court advised Ross that his rights to an appeal were limited by his guilty plea and the agreed sentencing recommendation, the court did advise him that some rights to an appeal remained.

The plea agreement included the following passage: "I understand my right to appeal a maximum sentence, my other limited appellate rights and that *any appeal must be filed within 30 days* of my sentence." (Doc. 42, RX 4, plea agreement, at 4, emphasis added.) At the plea hearing, Ross acknowledged reading

9

the plea agreement before signing it, and that he had the opportunity to raise any questions concerning it with his attorney. (Doc. 42, RX 87, transcript, at 5.)

During the plea proceedings, the court discussed several issues, including the limited right to an appeal:

> THE COURT: As I indicated before, because this pleas is entered along with the recommended sentence pursuant to Ohio Revised Code 2953.08D, you will have no right to appeal a maximum sentence. Because there's no trial, *your other appeal rights would be limited. However, if you do intend to appeal* and cannot afford to have a transcript, the Court will and can do that transcript at state expense. *If you cannot afford an attorney, the Court can appoint an attorney at no cost to you to represent you on appeal.* And you have the right to have that appeal filed in a timely manner. Do you have any questions about your appeal rights?
>
> THE DEFENDANT: No.

(Doc. 42, RX 87, at 12, emphasis added; see also RX 87, at 4-5.) In summary, then, Ross was notified of his (limited) right to an appeal both in writing and orally by the court.

Ross argues that his appellate attorney improperly convinced him to drop his state appeal: "Attorney Collins told me to drop my appeal because all the doors were closed and my only hope was to file an habeas corpus and that he couldn't help with that because he had no legal knowledge of a habeas corpus." (Doc. 46, at 9; see also id. at 5.) Ross does not state that he was ignorant of the filing requirements for a habeas petition.

In Winkfield v. Bagley, the lower court found ineffective assistance of counsel, where counsel led the petitioner to believe that his motion for a new trial

10

was still pending, when in fact it had been denied. Winkfield v. Bagley, No. 02-3193, 2003 WL 21259699, at *1, *4 (6th Cir. May 28, 2003), cert. denied, 540 U.S. 969 (2003). The petitioner argued that the ineffectiveness of counsel constituted an impediment to filing a timely petition. The Sixth Circuit found that there was no causal connection between counsel's ineffectiveness at the state level, and the petitioner's ability to file a federal habeas petition. Id. at *4. Further, the court stated:

> The facts in this case do not support equitable relief. Although Winkfield argues that he was "unaware of the filing requirements for his direct appeal" and that he had neither actual nor constructive knowledge of the AEDPA limitations period, "courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing."
>
> Moreover, in order for equitable tolling to apply, the petitioner must diligently pursue habeas relief.

Id. at *5 (internal citations omitted).

The Sixth Circuit has held that insufficient legal advice does not justify equitable tolling, and found that attorney errors do not constitute the extraordinary circumstances required for equitable tolling. Ruvalcaba v. Gansheimer, No. 5:05CV0657, 2006 WL 1865763 (N.D. Ohio June 30, 2006) (citing Jurado v. Burt, 337 F.3d 638, 644-645 (6th Cir. 2003)).

Other federal courts have denied equitable tolling in similar cases. In Springer v. Benik, No. 04-2294, 2005 WL 1389598 (7th Cir. June 7, 2005), the petitioner claimed that his counsel's failure to pursue an appeal constituted ineffective assistance of counsel. The court noted that the petitioner did not begin

his state challenge until after the habeas limitations period had expired.  Equitable tolling was not granted.  Similarly, Ross did not file his motion for leave to file a delayed appeal until over two years after the one-year habeas statute of limitations had already run, and did not file his habeas petition until three years after the limitations period had expired.

In M.P. v. Perlman, 269 F.Supp.2d 36, 39 (E.D. N.Y. 2003), the petitioner argued that counsel had failed to follow his directive to file leave to appeal his state conviction.  The district court noted counsel's ineffectiveness "did not interfere with petitioner's timely filing of habeas application."  Id.  Equitable tolling was not granted.

In Francis v. Miller, 198 F.Supp.2d 232, 234-235 (E.D. N.Y. 2002), the court recognized that petitioner's counsel had "abandoned" the petitioner, however, equitable tolling was denied because the petitioner did not show reasonable diligence.  The court found that a petitioner acting with ordinary diligence could have filed a habeas petition notwithstanding the extraordinary circumstances.  See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll); Fleming, 2006 WL 1804546, at *5 (equitable tolling inappropriate where petitioner not diligent in pursuing rights).

Equitable tolling is inappropriate under the circumstances.  Ross was not diligent in pursuing his rights, by waiting three years to file his habeas petition.

12

The facts show that Ross failed to act with that reasonable diligence which would support a claim for equitable tolling.

## V.  SUMMARY

The petition for a writ of habeas corpus should be denied as untimely filed. Ross did not file the petition until Jan. 29, 2007, and the limitations period had expired three years earlier, in January 2004.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:   March 28, 2008          /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).