## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY L. ROSS, ) | CASE NO. 1:07CV243 |
| ) | |
| PETITIONER, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHELE EBERLIN, Warden, ) | |
| ) | |
| RESPONDENT. ) | |
| ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. (Doc. No. 59.) Petitioner Anthony L. Ross has filed his objections. (Doc. No. 61.) For the following reasons, the Report and Recommendation is **ADOPTED** and the petition for writ of habeas corpus (Doc. No. 1, as amended by Doc. No. 29) is **DENIED**.

### I.

### BACKGROUND

Petitioner entered pleas of guilty on December 20, 2002 to two counts of possession of drugs and one count of trafficking in cocaine. He was sentenced on December 27, 2002 to a term of five years on the trafficking count and eighteen months on the possession counts, to run concurrently. Although he was released on probation on May 30, 2003, his probation was revoked on November 8, 2005, after he was convicted on three counts of trafficking.[1]

---

[1] Those convictions are not at issue in this habeas petition.

Petitioner did not timely appeal his 2002 convictions; rather, on March 24, 2006, he moved to vacate or set aside his convictions and to withdraw his guilty pleas. These motions were denied on October 10, 2006 and April 6, 2006, respectively.

On June 12, 2006, Petitioner attempted to file a delayed appeal of his 2002 convictions. This attempt was rejected by the court of appeals on July 27, 2006. He then filed a State habeas corpus petition, which was denied on October 27, 2006.

The instant petition brought pursuant to 28 U.S.C. § 2254 followed on January 29, 2007 and was amended on June 27, 2007.

## II.

## DISCUSSION

A.    **The Applicable Law**

This Court has very limited jurisdiction to review state court adjudications. Under 28 U.S.C. § 2254(d)(1), an application for writ of habeas corpus may be granted only if a claim adjudicated in State court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

In addition, in order to obtain Federal review of a State court conviction, a petitioner must file his petition within one (1) year after his state conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

**B.     The R&R and Objections**

Respondent had argued that the petition is time-barred. Judge McHargh agreed and recommended denying the petition after further concluding that there was no basis for equitable tolling of the statute of limitations because the record does not support Petitioner's assertion that he was ignorant of his appellate rights.

Petitioner filed objections to the R&R but did not clearly articulate the basis for his objections. He only vaguely argues that his 2002 sentence could not have been final because, as evidenced by the revocation of his probation in 2005 due to new criminal activity, "action could still be done" on the sentence.  (Objections, p. 1.) The Court construes this as a challenge to the finding that this action is time-barred.

Petitioner also has not directly challenged the conclusion that equitable tolling does not apply because he was not ignorant of his appellate rights. He has merely reasserts the argument and likens his situation to "walking in the dark looking for a light swich [sic]." (Objections, p. 3.) The Court will construe this assertion as an objection to the conclusion that there should be no equitable tolling.

**C.     Analysis**

   **1. Statute of Limitations**

In order for this petition to have been timely, Petitioner's State court convictions would had to have become "final" some time between January 29, 2006 and January 29, 2007, the date he filed the petition. However, since Petitioner never filed a direct appeal, his 2002 convictions actually became final thirty (30) days after his guilty pleas were accepted and his sentence imposed, that is, at the latest, on or about January 27, 2003. *See* Ohio R.App.P. 4(A).

3

As properly pointed out by Judge McHargh, filing a motion for a delayed appeal may toll the running of the statute of limitations, but it will not revive a statute that has already expired. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001). Petitioner filed his motion for delayed appeal on June 12, 2006, long after the one-year statute of limitations had already run. Therefore, the statute was not revived by his filing.

Clearly, by filing his habeas petition on January 29, 2007, Petitioner simply failed to file within the one-year limitations period.

**2. Equitable Tolling and Ignorance of the Law**

"Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).) A habeas petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 f.3d 647, 653 (6th Cir. 2002.)

In this case, as Judge McHargh pointed out, although the sentencing judge indicated that Petitioner's appeal rights were somewhat limited by his guilty pleas, he nonetheless informed Petitioner that he did have some rights in this regard. In addition, the plea agreement, which Petitioner acknowledged reading, stated: "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence." (Doc. No. 42, Plea Agreement, at 4.)

This clearly refutes any claim that equitable tolling is required because of petitioner's ignorance of his appellate rights.

## III.

## CONCLUSION

Having conducted a *de novo* review of the objections of Petitioner to Magistrate Judge McHargh's R&R, the Court **REJECTS** the objections and **ADOPTS** the recommendation to deny the petition for writ of habeas corpus. Case closed.

**IT IS SO ORDERED**.

Dated: April 30, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**